## CIRCUIT COURT OF SMYTH COUNTY

Hall

   v.

Lyons
and Worley

### January 25, 1995

BY JUDGE CHARLES B. FLANNAGAN, II

These matters are before the court on demurrers and motions to dismiss and/or to sever.

According to the motion for judgment, plaintiff has suffered injuries in two separate automobile accidents occurring months apart. It is alleged it is impossible to differentiate what portion of her injuries relate to which accident and, accordingly, that the injuries are indivisible.

Plaintiff argues that the law makes independent tortfeasors jointly liable where the injuries are indivisible. There is certainly authority to support that position. *Maroulis v. Elliott*, 207 Va. 503, 511 (1966); *Dickenson v. Tabb*, 208 Va. 184 (1967).

Defendants argue that the plaintiff has the burden of proving which of her injuries are caused by the negligence of the defendant, and her failure or inability to do so precludes her recovery. The language of cases and standard jury instructions traditionally given in motor vehicle cases in Virginia have made such a principle a fundamental part of that jurisprudence. See, e.g., *Virginia Model Jury Instructions: Civil*, 9.000 and 9.010; Emroch, Byrne, Herbert, *Virginia Jury Instructions*, §§ 23.05, 23.06, and 23.09. As has often been stated by the Supreme Court, "The burden here was on the plaintiff to prove with reasonable certainty or by a preponderance of the evidence that the injuries for which she claims damages were properly attributable to the accident." See, e.g., *Smith v. Wright*, 207 Va. 482 (1966).

The theory of indivisible injury may be appropriate in "chain-reaction" accidents or other unique circumstances, but I do not believe that theory

appropriate where the motor vehicle accidents have occurred many months apart. Certainly, there may be gray areas in evaluating the damages suffered, but common sense would suggest that the injuries would be divisible, at least to a point. It would be intellectually dishonest to say that the negligence of the second tortfeasor was the proximate cause of injuries sustained by the plaintiff many months before in a separate and unrelated accident.

The reported appellate decisions in Virginia upholding recovery against two tortfeasors by a plaintiff injured in separate motor vehicle collisions are careful to recite the brief period of time between the collisions. In both *Maroulis* and *Dickenson, supra,* the plaintiff was struck a second time before ever leaving the scene of the first accident.

As demonstrated in the memoranda of counsel, other jurisdictions have come to opposite results in considering similar situations.

I am of the opinion that, under the circumstances of this case, the law of Virginia still places the burden on the plaintiff to prove which of his or her damages resulted from the negligence of each defendant. For the reasons aforesaid, the demurrers will be sustained and the claims dismissed unless the plaintiff files amended pleadings on or before February 25, 1995, in which event defendants shall have twenty-one days thereafter to file such motions, pleas, or responsive pleadings as they may deem appropriate.